(No. 4344— )

DOLLIE ARBUCKLE, WIDOW, ET AL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1951.*

*Petition of Claimant for lump sum settlement denied May 8, 1951.*

HOWARD S. PARKER, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Dollie Arbuckle, widow of Russell V. Arbuckle, deceased, filed her complaint on September 28, 1950, for compensation under the provisions of the Workmen's Compensation Act of the State of Illinois.

The record consists of the complaint, supplemental complaint, motion of respondent to strike and dismiss supplemental complaint, notice to call up respondent's motion to strike and dismiss supplemental complaint, claimant's answer to respondent's motion to strike and dismiss supplemental complaint, departmental report, transcript of evidence, and stipulation waiving briefs of both parties.

Russell V. Arbuckle, decedent, was employed by the Department of Public Works and Buildings, Division of Highways, as a common laborer from the date of May 9, 1940 to the date of the accident. During the year preceding the accident, his total earnings were $186.79, but employees employed in a similar capacity would work approximately two hundred (200) days a year, making the average yearly earnings of a laborer of the Highway

Department approximately $1,600.00. Therefore, under Section 10 of the Workmen's Compensation Act, Mr. Arbuckle is presumed to have earned $1,600.00 in the year preceding his injury.

On May 4, 1950 Mr. Arbuckle was acting as flagman for a group of maintenance men engaged in filling cracks in the pavement on Route U. S. 45 south of Effingham, Illinois. At approximately 1:30 P.M. on said date, Mr. Arbuckle, while acting in said capacity, was struck by a south bound automobile, and was thrown to the side of the pavement. He was taken to St. Anthony's Hospital at Effingham, where he was attended by Dr. George C. Wood. His injuries consisted of a cerebral concussion, fracture of left pubic bone, lacerations over left eye and on left eyeball; lacerations of left hand, severe contusions of entire left leg; abrasions and contusions of lower lumbar region and sacral region of back, and abrasions and contusions of entire chest wall and abdomen. Mr. Arbuckle was discharged from the hospital on May 16th, and his condition while at home continued to improve until the afternoon of May 31st when he died. Dr. Wood testified that the cause of death was "pulmonary embolism", as a result of the injuries received.

On the date of the accident decedent was 53 years old, married, and left his widow surviving, but no dependent children.

There is no jurisdictional question presented by the record, and we find that the fatal injuries to the decedent arose out of and in the course of his employment by respondent.

Compensation was paid at a rate of $22.50 a week from May 5th to May 31st, inclusive, in the total sum of $86.59. Doctor, hospital and ambulance bills were paid by the State in the amount of $288.00.

Claimant is, therefore, entitled to an award under Paragraph (a) of Section 7 of the Act, in the sum of $4,000.00, increased by 50 per cent under Paragraph (1), or a total sum of $6,000.00, which should be reduced by the payment of $86.59 compensation, as a death award is being allowed, making a net award of $5,913.41, payable at the compensation rate of $22.50 per week.

An award is, therefore, made to claimant, Dollie Arbuckle, widow, in the sum of $5,913.41, payable as follows:

$ 906.42, which has accrued, is payable forthwith;
$4,995.00, payable in weekly installments of $22.50 commencing March 16, 1951 and continuing for 222 weeks, with a final payment of $11.99.

Emma Shelton was employed to report the testimony in support of this claim and to transcribe the evidence thereof, for which she made a charge of $5.00, which we find is fair and reasonable.

A further award is entered in favor of Emma Shelton for transcribing the testimony in the sum of $5.00.

Jurisdiction of this case is specifically reserved for entry of all future orders.

The above and foregoing awards are subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."